UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EKLIN MEDICAL SYSTEMS, INC,
a Delaware Corporation,

        Plaintiff,

                                    File No.  1:09-CV-808

v.

                                      HON. ROBERT HOLMES BELL

RANDY L. LAUFERSKY, an individual,
and CORE ULTRASOUND EQUIPMENT,
LLC, a Michigan Limited Liability Company

        Defendants.

_____/


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff Eklin Medical Systems, Inc.

("Eklin") for a preliminary injunction specifically enforcing Sections 3, 4, and 5 of a non-

competition agreement between Plaintiff and Defendant Randy Laufersky ("Defendant"),

enjoining Defendant from associating with Defendant Core Ultrasound Equipment, LLC

("Core"), and requiring Core to cease all business operations until this action can be

adjudicated on the merits.  (Dkt. No. 2.)  For the reasons that follow, this motion will be

denied.

On September 1, 2009, Plaintiff filed a nine-count complaint against Defendants

Laufersky and Core alleging breach of a non-competition agreement, breach of the duty of

loyalty, claim and delivery, fraud, interference with employment relationship, unjust

enrichment, misappropriation of trade secrets, unfair competition, and violation of the Computer Abuse and Fraud Act. (Dkt. No. 1.) Though Plaintiff seeks permanent injunctive relief for five of the eight claims contained in Plaintiff's complaint,[1] Plaintiff's motion for preliminary injunctive relief is based solely on Plaintiff's claim that Defendant breached the non-competition agreement. Specifically, Plaintiff claims that Defendant breached three separate provisions of the non-competition agreement, the covenant-not-to-compete in Section 3, the non-solicitation of employees provision in Section 4, and the non-solicitation of customers provision in Section 5.

In determining whether Plaintiff is entitled to preliminary injunctive relief, the Court must balance four factors: (1) whether Plaintiff has shown a strong likelihood of success on the merits; (2) whether Plaintiff is likely to suffer irreparable harm if the injunction is not issued; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

Plaintiff has not demonstrated that it is likely to succeed on the merits of its claim that Defendant breached Sections 3, 4, or 5 of the non-competition agreement. California law, which governs the non-competition agreement pursuant to a choice-of-law provision in the agreement, provides that:

---

[1] Plaintiff seeks permanent injunctive relief for Plaintiff's claims for breach of the non-competition agreement, breach of the duty of loyalty, claim and delivery, interference with employment relationship, and unfair competition. (Dkt. No. 1.)

[a]ny owner of a business entity selling . . . all of his or her ownership interest in the business entity, . . . may agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold . . . has been carried on, so long as the buyer, or any person deriving title to the goodwill or ownership interest from the buyer, carries on a like business therein.

Cal. Bus. & Prof. Code § 16601. Thus, as a precondition to the enforceability of the covenant-not-to-compete in Section 3, Plaintiff Eklin must demonstrate that it — the "buyer" of Defendant's former business Ultrasource — "carries on a [] business" of providing ultrasound technology and services to third parties, the business in which Ultrasource was engaged. *See also Wolf v. James G. Barrie, P.A.*, 858 So.2d 1083, 1085 (Fla. Dist. Ct. App. 2003) ("If the employer is not in a like business, it has no legitimate interest in protecting against competition in that business."). In addition, the covenant-not-to-compete itself implies a requirement that Plaintiff continuously "carries on a [] business" by prohibiting Defendant from participating in the veterinary technology market only to the extent that he "competes" with Plaintiff. (Dkt. No. 4, Ex. B ¶ 3.)

On July 1, 2009, VCA Antech, Inc. ("VCA Antech") acquired Eklin through a reverse triangular merger. Eklin Medical Systems, Inc., as a registered corporate entity, survived the merger. However, the determination that Eklin currently exists as a corporate entity does not compel a conclusion that Eklin currently "carries on a [] business" of providing ultrasound technology and services to third parties. It appears to the Court that, although Eklin continues to exist in corporate form, it no longer "carries on" any business substance. The substantive business operations formerly conducted under the Eklin name are now wholly attributable to VCA Antech.

A variety of considerations support this conclusion. The first indication that the Eklin corporation is merely an inactive shell entity is that no business is actually conducted under the Eklin name. Business operations formerly conducted under the Eklin name are now conducted under the name Sound-Eklin. Although a change in a company's trade name does not necessarily mean that the company has ceased doing business, Sound-Eklin's website describes Sound-Eklin as "a VCA Antech company." (Dkt. No. 7, Def.'s Resp. Ex. E; *see also* Def.'s Ex. D[2] ("Sound-Eklin™ is a Division of VCA Antech.").) Second, Eklin's employee and managerial structures were not left undisturbed by the merger, suggesting VCA Antech has asserted logistical control over Eklin. For example, some Eklin employees were offered positions with Sound-Eklin, and some were not. (Dkt. No. 7, Ex. A ¶¶ 17, 24.) In addition, the president of Sound-Eklin was associated with VCA Antech, not Eklin, prior to the merger. (*Id.* at Ex. E.) Third, Sound-Eklin has ceased selling Philips equipment in order to sell GE equipment exclusively, suggesting Eklin's business operations have taken a back-seat to those carried on by VCA prior to the merger. (*Id.* at Ex. A ¶ 21.)

In light of the Court's determination that Eklin no longer "carries on a [] business" in its own right, and is therefore not entitled to enforce the covenant-not-to-compete in Section 3 of the non-competition agreement, the Court must also conclude that Plaintiff is not likely to succeed on its claims that Defendant breached Sections 4 and 5 of the non-competition agreement. Section 4 prevents Defendant from taking any action "which is intended to

---

[2] Exhibits cited only as "Def.'s Ex." refer to exhibits introduced by Defendant during the December 15, 2009, hearing on Plaintiff's motion for a preliminary injunction.

induce any person employed by [Eklin] to terminate his or her employment with [Eklin]." (Dkt. No. 4, Ex. B ¶ 4.)  Because business operations formerly conducted under the Eklin name have been wholly attributable to VCA Antech since the July 1, 2009, merger, the former Eklin employees that began Core with Defendant on July 13, 2009, appear to have terminated their employment with VCA Antech, not Eklin, to do so.  Likewise, Section 5 prevents Defendant from taking any action "which is intended to induce any customer of [Eklin] to terminate his, her or its relationship with [Eklin]."  (Dkt. No. 4, Ex. B ¶ 5.) Because a corporate entity that does not conduct business cannot have any customers, Defendant's advertising and marketing techniques run the risk of soliciting only customers of VCA Antech, not Eklin.

The Court does not believe that the remaining three factors involved in the preliminary injunction analysis overcome the Court's determination that Plaintiff is not likely to succeed on the merits of its breach of contract claims and tip the scale in favor of granting the injunction.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED.**


Dated: <u>December 16, 2009</u>                    /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE